ROBERT HERBST, Respondent, *v.* KEYSTONE DRILLER COMPANY, Appellant.

First Department, March 9, 1917.

**Practice — dismissal of complaint for failure to prosecute action.**

Motion to dismiss a complaint for failure to prosecute the action. Evidence examined, and *held*, that the motion should be granted by reason of laches on the part of the plaintiff in relation to various commissions to take testimony in a foreign country, which, with other delays, resulted in preventing the trial of the action for nearly six years.

APPEAL by the defendant, Keystone Driller Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1917, denying defendant's motion to dismiss the complaint for failure to prosecute.

*Harry D. Nims,* for the appellant.

*Henry Siegrist,* for the respondent,

SMITH, J.:

This action was begun in December, 1911, to recover $212,000 for a libel. The libel claimed was two-fold: *First,* in a cable-gram sent to Brazil from the defendant, in which it is claimed that the plaintiff was charged with fraud; *second,* in a letter sent to some government officials in Brazil, which charged the plaintiff with fraud. Plaintiff claims that these communications prevented his getting valuable contracts in Brazil, and alleges his damages at $212,000.

On April 22, 1912, the case was called, and marked ready. In December, 1912, defendant asked for and obtained an order for a commission to take testimony in Brazil, and the trial was stayed until the return of the commission. On December twenty-third the defendant served interrogatories. In February, 1913, plaintiff served cross-interrogatories. On May nineteenth the interrogatories were settled by the court. On June twentieth an order was entered resettling the order settling the interrogatories on plaintiff's motion. On June twenty-sixth the defendant served a notice of appeal, which was argued on October tenth. On October twenty-fifth the decision of the Special Term was modified as to the interrogatories. On December second defendant served notice of settlement, and the interrogatories were settled. On December 18, 1913, the interrogatories were submitted to plaintiff's counsel in Portuguese for verification of translation. This was held *for a year and three months* by the plaintiff, and on February 1, 1915, the interrogatories were returned to the defendant. On April twenty-second a commission was issued and returned September 27, 1915. Nothing was then done until 1916, May twenty-fourth, when there was notice of motion served by the plaintiff to restore the case to the calendar. On June 27, 1916, defendant moved to dismiss the complaint for want of prosecution. This was denied July twenty-sixth. On September fifteenth plaintiff noticed a motion for a commission to take the testimony of one Von Koenig, in Brazil. The order provided for the issuance of a commission and that a stay might be applied for when the case was called for trial. On October sixteenth the case appeared on the call calendar and was adjourned by the court to the call

calendar of December fifteenth. On December fifteenth the case appeared on the call calendar and was adjourned to the call calendar of March 9, 1917. On January 8, 1917, this motion to dismiss was heard and denied, and from the order denying this motion this appeal has been taken.

The delay from July, 1916, is sought to be excused by reason of a commission issued on behalf of the plaintiff to examine a witness in Brazil. This witness is claimed to be necessary and material. This witness was in New York from October, 1915, until May, 1916. The plaintiff had knowledge of his presence here. No effort was made to examine him before trial, but this is sought to be excused by alleging his promise to let the plaintiff know if he should depart from the State, in full time to permit his deposition to be taken in plaintiff's behalf. Plaintiff swears that he relied upon this promise, which was broken, and, therefore, sought and obtained an order for a commission to examine this witness in Brazil. If this application were made in good faith it might well be held that the delay from July, 1916, was reasonably necessary, and that the plaintiff should not be charged therewith as for failure to prosecute. The difficulty with plaintiff's position lies in the fact that this witness was in Brazil in 1915 when the defendant's commission was sent there for execution, and no effort was made on behalf of the plaintiff to get the deposition of this witness at that time. It cannot be claimed that plaintiff was ignorant of the evidence that the witness would give, because the witness was the plaintiff's own agent in Brazil, and the matters in respect of which examination is here sought were necessarily fully known to the plaintiff, and yet no attempt was then made to obtain his deposition, and no explanation is attempted in the record of such neglect. While the order of July, 1916, refusing to dismiss this case for lack of prosecution may be deemed *res adjudicata* as to the condition existing at that time, nevertheless the facts there shown may be considered in connection with the plaintiff's subsequent neglect upon a motion subsequently made to dismiss for failure to prosecute. In an action of this nature, where damages are sought for such a large amount, it is inconceivable that plaintiff should permit such long and unnecessary delays if it be

intended in good faith to prosecute the same, and, upon the whole record, it seems clear that the application for a commission to examine this witness, which might as well have been made in 1915 or before, is not made in good faith, and that the motion to dismiss should have been granted.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.